**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2162 PA (PJWx) | | Date | March 21, 2011 |
|---|---|---|---|---|
| Title | Ronald Penir v. Bank of America, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America N.A. ("Removing Defendant") on March 14, 2011.  Removing Defendant asserts that this Court has jurisdiction over this action based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

Here, the Notice of Removal alleges: "Defendant is informed and believes that Plaintiff Ronald L. Penir was at the time of the filing of this action, and is now, a citizen of the State of California, residing in Los Angeles County, California."  (Notice of Removal, ¶ 5.)  This allegation is accompanied by a citation to the Complaint, which alleges that "all of the parties were and/or are residents of Los

---

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2162 PA (PJWx) | Date | March 21, 2011 |
|---|---|---|---|

| Title | Ronald Penir v. Bank of America, et al. |
|---|---|

Angeles County or are doing or did business in Los Angeles County at all times relevant herein."
(Complaint at ¶ 1.)

Defendant's allegation of Plaintiff's citizenship is not sufficient.  The Complaint does not unambiguously allege that Plaintiff is a resident of Los Angeles County.  Moreover, even if the Complaint did allege Plaintiff's place of residence, it does not allege his citizenship.  The Ninth Circuit has held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kantor, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Thus, because Removing Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff Ronald Penir's citizenship.  Removing Defendant's allegations are accordingly insufficient to invoke this Court's diversity jurisdiction.

Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to San Luis Obispo County Superior Court, Case No. CV 110087.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.